### BLANCHARD *against* RICHLY.

In an action before a justice, the defendant is non-entitled to a *nonsuit*, because the *venire* is not returned at the time appointed for trial; but another *venire* may be issued; and if the defendant does not demand another *venire*, but goes to trial before the justice, it is a waiver of the trial by jury. Where the defendant pleaded a former trial before the same justice for the same cause of action; and the justice stated, from his knowledge, that the plaintiff was nonsuited at such former trial, and that it was no bar, and the defendant did not deny the statement, but went to trial, he was held to be concluded as to the fact.

IN error, on *certiorari*, from a justice's court.

*Richly* sued *Blanchard* in the court below, in an action of *assumpsit*, for work.

The defendant below pleaded a former trial, for the same cause of action, before the same justice. The justice, in his return, stated, that knowing the facts of the former trial, and that he had nonsuited the plaintiff, he declared the nonsuit to be no bar. The defendant then pleaded payment, and demanded a *venire*, which was issued, and delivered to the defendant. The cause was adjourned, and on the day of adjournment the parties appeared; but no jury came, nor was the *venire* returned. The defendant demanded a nonsuit, unless the jury ap-

6

peared; but this was overruled, and the defendant did not request another *venire*. The justice proceeded to try the cause, and gave judgment for the plaintiff, for 5 dollars, and costs.

The errors assigned were,

1. The defendant having pleaded a former trial, the justice had no right to overrule the plea for any cause not proved, but resting in his own knowledge.

2. That a *venire* having been issued, the justice could not afterwards proceed to try the cause.

*Per Curiam.* The application of the defendant was to nonsuit the plaintiff on account of the *venire* not being returned. This motion was rightly overruled. The default would not entitle the defendant to have the plaintiff nonsuited. Another *venire* might have been issued, within the case of *Day* and *Wilber;* (2 *Caines,* 137.) but this the defendant did not ask, and his proceeding to trial would be considered a waiver of a trial by jury.

With respect to the other objection, it is true, the justice could not make any facts within his own knowledge the basis of any judicial decision. But on the defendant's interposing the plea of a former trial, the justice answered, that the former trial was before him, and it was only a nonsuit, which would not be a bar to this action. The defendant did not deny the statement made by the justice. He must, therefore, be deemed to have admitted that the former trial which he had pleaded was one in which the plaintiff was nonsuited; and if so, the justice was correct that it was no bar to the present suit. Judgment must accordingly be affirmed.

Judgment affirmed.