Miles G. Woodcock, Respondent, *v.* Agnes S. Gladdings and Cornelia C. Bedford, Appellants.

*Justice of the peace — he is not deprived of jurisdiction because a jury is drawn from an uncertified list — he should set aside the venire and draw another jury.*

The fact that a justice of the peace in drawing a jury and issuing a venire uses a jury list which was not legally certified, does not deprive him of jurisdiction of the cause or justify him in dismissing the action; in such a case, he should, without dismissing the action, set aside the venire and draw another jury from a properly certified list.

Appeal by the defendants, Agnes S. Gladdings and another, from a judgment of the Saratoga County Court in favor of the plaintiff, entered in the office of the clerk of the county of Saratoga on the 27th day of February, 1902, upon the decision of the court reversing upon appeal a judgment in favor of the defendants rendered by a justice of the peace.

*C. M. Doolittle,* for the appellants.

*James H. Bain* and *C. S. Enches,* for the respondent.

Judgment unanimously affirmed, with costs on opinion in the court below.

The following is the opinion of the court below:

NASH ROCKWOOD, County Judge:

For the recovery of a demand of $200 the plaintiff brought action in a Justice's Court of the town of Hadley. Issue was joined and the defendants demanded a trial by jury, at the same time objecting that the jury list in the possession of the justice had not been furnished by the town clerk as required by law. No legal proof was presented in support of this motion, which was over-ruled, the jury drawn and a venire issued. Upon the adjourned day the defendants renewed their objection and asked for a dismissal of the action. This objection is given in the return in the following language: "Defendants, and each of them, it now appearing from the statement of the justice that the list of names from which the jurors were drawn, was not a certified copy of the jury list of said town, certified to by the town clerk and put in the justice's possession by the clerk of the town, but was handed to the justice by E. G. Dunklee, a former justice of the peace of this town, object to the jurisdiction of the court and ask for a dismissal of the action on all of the grounds stated in the objection made to the drawing of the jury on the return day."

The plaintiff thereupon consented "that a new jury be drawn from a legally certified list," but this offer was not accepted. The motion to dismiss was then granted and judgment entered in favor of the defendants and against the plaintiff for costs in the sum of nine dollars and fifty-five cents, from which the plaintiff has appealed to this court.

There was manifest error in the assumption of the justice that a defect in the jury list or the venire deprived him of jurisdiction. He should have set aside the venire and drawn another jury from a proper panel without dismissing the action. (Code Civ. Proc. § 2997.)

The effect of his ruling was a summary denial to the plaintiff of his legal right to proceed with the trial of his suit. A somewhat similar question was considered in *Blanchard* v. *Richly* (7 Johns. 198), and it was held that a default in the return of a venire would not entitle the defendant to have the plaintiff nonsuited, but that a new venire would be issued.

The judgment appealed from must be reversed, with costs.

# Cases

# THIRD DEPARTMENT

IN THE

## APPELLATE DIVISION,